The next case this morning is 523-0096, People v. Tellor. Arguing for the appellant is Ryan Miller. Arguing for the appellee is Trent Marshall. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Morning. Apologize for some of the delay. We've had some technical difficulties. Almost everyone's computer, my computer. Both of the attorneys in the last case had disconnects, so hopefully this will go smoothly. So we are looking forward to your arguments. We have read the briefs. We're familiar with the facts in the case. If you would jump directly to argument, that would be appreciated. Mr. Miller, are you ready to proceed for the appellant? I am, Your Honor. All right, you may do so. Thank you. Thank you. Good morning. May it please the court, Ryan Miller with the state appellate defender for appellant, Billy Teller. Your Honor, the preliminary issue before this court today is whether it must address Mr. Teller's reasonable doubt claims before remanding for a crankle hearing pursuant to the state's concession. I'd like to briefly address that issue before turning to the insufficiency of the evidence on each of the three offenses. And I'm, of course, happy to take any questions that the court may have. So first, although the state conceded that a crankle remand is necessary here, principles of double jeopardy require this court to first address his reasonable doubt arguments. And that is because contrary to the state's contention, these reasonable doubt arguments cannot be made moot by a crankle remand. The Illinois Supreme Court made this clear in People v. Teller. There, the Supreme Court found that the appellate court had erred by remanding for a new trial without first reaching the defendant's reasonable doubt claim. And that, again, is because of the risk of double jeopardy upon retrial. The Illinois Supreme Court reiterated this need to address reasonable doubt claims before remanding for a new trial in Lopez in 2008. The same concern extends to a crankle remand. If this court were to remand for a crankle hearing before addressing these reasonable doubt claims, the only relief that Mr. Teller could receive is a new trial. So at that point, the state would be given a second bite at the apple in proving him guilty of the same offenses here. And that, again, is particularly problematic where, as I will argue, the state did not prove Mr. Teller guilty. Alternatively, Mr. Teller could be denied relief at a crankle hearing, at which point this court would then be asked to address his reasonable doubt claims again. And this would not serve the interests of judicial economy or efficiency where these issues are perfectly before the court today. Lastly, the state's only case on this issue, Frakes, should not be considered persuasive. I would note for the court that in Frakes, the state had agreed for a remand. However, the defendant in his reply brief had affirmatively requested for the court to remand the case without considering his other arguments on appeal. So that is, of course, exactly the opposite of what Mr. Teller is requesting. So this court should not follow Frakes on that issue. And again, it is especially important that this court address Mr. Teller's reasonable doubt claims because the state did not prove him guilty of any of these three charged offenses, and it should not be given a second opportunity to do so. So first, to prove the offensive solicitation to meet a child, the state had approved that the defendant solicited the complainant to meet without the knowledge of her parent or guardian. But the state's evidence plainly established that it was the complainant's mother who had sent all but one of the messages and evidence, and importantly, had sent the message requesting to meet at Lisa's. The complainant's mother then testified that she herself then brought the complainant to Lisa's. So there is no view of the state's evidence that the complainant's parent or guardian had no knowledge of any alleged meeting. Next, the state's case for indecent solicitation of a child also fails for several reasons. First, importantly, this is because the state did not prove that the defendant knowingly discussed an act of sexual conduct by means of the Internet, and that is an essential element of this offense. Sexual conduct has a very specific legal definition in the criminal code. As relevant here, it means any knowing, touching, or fondling by the victim or the accused of the sex organs, anus, or breast of the victim or the accused, and none of the messages and evidence here can meet that definition. Indeed, the chief deputy officer who investigated this case himself testified that there was no direct discussion of sexually explicit conversation. He said there were no messages directly asking for sex or for particularly specific sexual favors. The only messages that were sent by the BT account that could have referenced any contact between the complainant and the sender of those messages was spanking or squeezing her buttocks someday, but this court in Nibio made very clear that that cannot constitute sexual conduct under the legal to prove the offense of indecent solicitation. Further, Mr. Teller could not be found guilty of indecent solicitation of the way that under the way that the state charged it to the jury here because he was not by law the complainant's family member. So here the state charged to the jury that Mr. Teller was guilty of this offense because he had the intent to commit aggravated criminal sexual abuse premised on being the complainant's family member. But again, family member is another term that is defined very specifically in the sex offense chapter of the criminal code. And under this definition, Mr. Teller was not the complainant's family member. To be clear, he was the first cousin of the complainant's father, which I understand would make him the first cousin once removed, but there is no reference to cousin of any sort in that definition. And so because he was not the complainant's family member, he could not legally be guilty of aggravated criminal sexual abuse. Therefore, he could not have had the intent to commit that offense. And without that intent, he could not be found guilty of indecent solicitation. And then finally, on that charge, the state also failed to prove that Mr. Teller intended to commit any sort of sexual conduct with the complainant. There was nothing like explicit photo exchanged or again, as the chief deputy testified, any request for a sexual favor. These are the sorts of facts that have supported conviction of indecent solicitation in other cases, but they are absent here. And so for all of these reasons, the state failed to prove beyond a reasonable doubt indecent solicitation of a child. And then turning to the third offense, grooming, this charge suffers from similar deficiencies regarding intent. So for grooming, the state had to prove that Mr. Teller had attempted to persuade the complainant to engage in sexual conduct with him. The state failed to meet that burden. Again, here, there was no direct evidence of intent, such as an admission from the defendant, an explicit request that the complainant engage in an act of sexual conduct, and there was no meeting between the complainant and the defendant. Again, the investigating chief deputy made this clear through his testimony. So therefore, the state was left to argue for an intent or an answer. Teller harbored this intent, but the messages here simply do not rise to that level. Again, there was no discussion of sexual conduct as it is defined under the law. And there was no discussion of meeting for the purposes of any sexual conduct. And again, unlike in other cases- In regards to the jury instructions, there was never a jury instruction given as to the definition of family member. Is that correct? That's right, Your Honor. Is that required under 720 ILCS 511-6, under the indecent solicitation? I believe it would be where the state is charging intent based on aggravated criminal sexual abuse. The statute for indecent solicitation does list several offenses where the offender has to be, has to harbor the intent to commit one of those offenses. Here, the state chose to charge it as aggravated criminal sexual abuse premised on Mr. Teller being a family member. That's what went to the jury. And so yes, family member did need to be defined for the jury here. So in some unreasonable doubt, while this court may arguably find some of these messages to be inappropriate, that's not the question. The question is, did the state prove beyond a reasonable doubt that Mr. Teller was guilty of these specific offenses? And it did not. Finally, because the state did not address any of these issues in its brief, it has forfeited on appeal any argument as to Mr. Teller's reasonable doubt claims. So for these reasons, this court should reverse Mr. Teller's conviction on all of the counts, and only in the alternative should it remand for a critical hearing pursuant to the state's concession. Thank you. Thank you, Mr. Miller. Questions, Justice Cates? I do have a question. Mr. Miller, this court in the past has remanded for crankle hearings and held issues such as you've described. And are you telling us that's error to do that? When the issues that it has sort of hit pause on are reasonable doubt claims, yes, that would be error where that implicates the defendant's double jeopardy concerns. New trial issues can understandably be sort of put on pause until after a critical hearing, but not reasonable doubt claims. So, for example, the jury instruction issue, the admissibility of the witness's testimony, and whether that was appropriate or not, that's the kind of thing that can be put on pause, as you say? That's right, if this court chooses to do so. And what case is it that you rely on that says we must address the reasonable doubt arguments? That primarily comes from Taylor, which is an Illinois Supreme Court case. You can pull up the site from 1979. And there the Supreme Court held that it was error for the appellate court to remand for a new trial without addressing reasonable doubt claims. And again, because a crankle hearing could only possibly lead to a new trial, that implicates that same concern that's outlined in Taylor. Okay, so you don't have a case that says remanding for a crankle hearing, we must address the sufficiency of the evidence claims. You're relying on a case where there was a remand for a new trial, which would involve double jeopardy claims. That's right. This court, the Fifth District has done, taken a similar route that we are asking for here. But yes, I do believe that those are in new trial cases. But again, that puts the defendant at risk of double jeopardy, and also it would be distinctly more efficient for this court to address the claims that are before it presently. Okay, thank you. Questions, Justice Schiller? No questions. Thank you. We'll come back to you for rebuttal in a moment, Mr. Miller. Mr. Marshall, are you ready to proceed? Yes, Your Honor, thank you. In this case particularly, I cannot deny that the approach Mr. Miller suggests is logical and would be efficient. In a case like Branham, it's logical as well. You deal with the potentially dispositive claims first before you do anything else. But I'm not convinced that it's procedurally the right track. So it's my intent to briefly give a brief demonstration to demonstrate that Frakes employed the procedure that the Supreme Court envisioned in Crankle, and incidentally hope to answer, which Mr. Miller poignantly points out, neither Frakes nor Bell explained how a defendant's sufficiency evidence claim can ever become moot. But I think there's some hints in Crankle. We just might have to fill in a few blanks. So initially, I think Justice Cates was honing in on this. I think it's important to differentiate between Crankle cases and non-Crankle cases. In a case that doesn't implicate Crankle at all, call a non-Crankle case, cite several people, be Blue, Lopez, Taylor. These were all direct appeals. Sufficiency evidence was either right there or they were remanding for a new trial on issues. So they had to address the sufficiency of the evidence before they did that. But in Crankle, Mr. Crankle himself raised a reasonable doubt claim that the Supreme Court held. They didn't address it. They didn't direct the appellate court to address it. They held it. So my thoughts are consistent with Frakes. A strict reading of Crankle suggests that if a cause is remanded for a Crankle proceeding, regardless of what type, then the reviewing court's duty to address a reasonable doubt claim only arises after the Crankle issue is resolved. And why is that? Because the duty to address the additional claims may not arise at all. Or in other words, the other claims may become moot, even the reasonable doubt. How? Begs the question, how? Let's go back to Crankle. Crankle says, court denies a new trial. Defendant can still appeal appellate court based on ineffective assistance counsel claims, other issues that were raised and not addressed. So it's not The appeal continues. The alternative track, if after the hearing, the judge finds the defendant did not in fact receive effective assistance based upon counsel's alleged failures, he shall order a new trial. Now at that point, there would be a double jeopardy problem. But if a new trial is ordered, all the defense has to do with his new attorney is file a motion to dismiss on double jeopardy grounds, citing the state's failure to prove his guilt at the first trial. And if the trial court agrees, and that's granted, then every issue raised on appeal previously, including his reasonable doubt issue, becomes moot. And as for efficiency, generally, I honestly think with these Crankle, the way they play out sometimes, it's hard to address the efficiency on a case like today's, on a case like this one, it's easy. But when a defendant raises, let's say 10 issues, they get a lot trickier. And let's say he addresses, let's say he addresses nine of them up as second prong plain error. Well, you got to address all those because they might be dispositive before the Crankle hearing, then it goes back to the Crankle hearing. And he says, you know what, you weren't proven right beyond a reasonable doubt, it all goes away. So, that's what I suspect, that's what I feel the Crankle court was envisioning. They just didn't say the part about, oh yeah, by the way, if the new trial is ordered, of course, you can raise your double jeopardy claim right there on a motion to dismiss before the second trial commences. So again, if Supreme Court intended to recognize a reasonable doubt exception, they probably would have addressed it, his reasonable doubt claim. And to protect the defendant's double jeopardy rights, if a new trial is ultimately ordered, he can file a motion in the trial court and get the cause dismissed. That's state's position on it. I know it's kind of a developing area as is Crankle itself. And if they're, at this point, I'd answer questions. I'd be happy to try. Questions, Justice Cates? No, thank you. Questions, Justice Schoen? No questions. All right, thank you. Thank you for your time. Thank you. Mr. Miller, rebuttal? Yes, just briefly, your honors. I would point out that, as my colleague noted, reasonable doubt was raised in Crankle. But by the time it reached the Supreme Court, the state had only sought leave to appeal on the single issue of Crankle and the process for raising ineffectiveness. I would read from Crankle for the court just briefly. At 184, the court noted on appeal before this court, the state only raises one issue. The state asserts that because the defendant failed to establish that he had been denied effective assistance, the appellate court erred in reversing his conviction. So the issue of reasonable doubt wasn't really before the Supreme Court in Crankle. And so I don't think that Crankle should be read to sort of deny the process that we're requesting here, wherein the appellate court would address at least reasonable doubt first before remanding for Crankle. I also would like to just correct myself. Cited in our reply brief is a case, Branham, out of the Fifth District. And there, as I believe the state did note, reasonable doubt as well as other issues were before the appellate court as well as a Crankle claim. And there, this court in Branham did hold that it should address those claims first before it remands for a Crankle inquiry. And that's due to principles of double jeopardy, which would bar a retrial. And so Branham is an example of this court finding that reasonable doubt at very least should be addressed before a Crankle remand. And finally, on the question of sort of judicial efficiency, the process that the state suggests wherein a defendant could simply be granted a retrial after a Crankle hearing, and then the state seeks to try him again, and then he can there file a motion based on double jeopardy in the circuit court. I would put forth that that is not the most efficient way forward for a circuit court to then need to be deciding the sufficiency of the evidence the first time around. That is the appellate court's job on direct appeal, and the circuit court is just simply not in the best position to be doing so. Again, if the circuit court gets that motion wrong, decides that evidence was sufficient the first time around, that issue is then going to be brought back up by that defendant on appeal one way or another back in front of that same appellate court, forcing it to decide the same exact issue that is before it the first time around in that original direct appeal like we have here. So again, our position would be that addressing these reasonable doubt claims now rather than letting them kind of sit there until the defendant ultimately has to raise them again, it's much more efficient to address at the very least reasonable doubt claims now due to these principles of double jeopardy. So unless the court has any further questions, I would stand on the briefs and again request that this court reverse and vacate Mr. Teller's brief should it remand for a Krangel hearing pursuant to the state's concession and importantly retain jurisdiction to address Mr. Teller's remaining issues. Thank you. Thank you. Question, Justice Cates. My only question is, are you saying that this Brandom case in your reply brief takes the position that you're taking, that sufficiency, the evidence should be considered first? Yes, the reasoning in Brandom was that Krankel would not make sense because, I'll just quote it briefly, because if the defendant prevails on any of its claims, which in Brandom were speedy trials, sufficiency of the evidence and other plain error claims, the court there found that if defendant were to prevail on any of those, then there would be no need to remand for a Krankel inquiry due to principles of double jeopardy, which would bar the retrial of the defendant. So that's what this court found in Brandom. So I think that that does support, excuse me, the position that I'm arguing for here. But if, for example, we did what you've asked us to do and found that the court committed error, plain error, by failing to instruct on family member, aren't we stepping on the trial court's toes in the Krankel hearing for the ineffective assistance of counsel claim? I think to be clear, Your Honor, I'm only asking that this court address the sufficiency of the evidence claims. It could, this court could wait to address the instructional error and the issue with the deputies, the chief deputy's testimony. So those are arguments two and three in the opening brief. Double jeopardy does not prevent this court from waiting to address those until after a Krankel hearing. I'm only saying that this court needs to address the reasonable doubt sufficiency of the evidence claims, which would be argument number one in the opening brief. That is the only case that it is absolutely required to do because of double jeopardy before a Krankel remand. All right. I understand. Thank you. Thank you, Your Honor. Questions, Justice Scholar? No questions. All right. Thank you. Appreciate your arguments. Some interesting issues before us. We'll take the matter under advisement. We'll consider your arguments and the briefs you filed. We'll take the matter under advisement and issue a decision in due course.